UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM EARL RICE, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:24-cv-2918 (RC) |
| M.C. DEAN, INC., | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant M.C. Dean Inc.'s Motion to Dismiss, ECF No. 7, filed under Federal Rules of Civil Procedure 8, 12(b)(6) and 41(b), and unopposed. For the reasons discussed below, the Court GRANTS the motion and DISMISSES the complaint and this civil action without prejudice.

**I. LEGAL STANDARD**

Rule 8(a) requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In addition, Rule 8(d) requires that "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "Taken together, [these provisions] underscore the emphasis placed on clarity and brevity by the federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (quoting *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir.1996) (quoting 5 Wright & Miller § 1217, at 169 (2d ed. 1990))). "Rule 8(a) does not require a short and plain *complaint*, but rather a short and plain statement of the claim." *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, No. 09-cv-1281 (ESH), 2009 WL 3163061, at *1 (D.D.C. Sept. 30, 2009)

(quoting *Ciralsky*, 355 F.3d at 670) (additional citation and internal quotation marks omitted) (emphasis in original).  Enforcement of these rules is left to the Court's discretion, *see Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015) (quoting *Ciralsky*, 355 F.3d at 669), and under Rule 41(b), the Court may dismiss a claim or a civil action if a plaintiff fails to comply with the Federal Rules of Civil Procedure or any Court order, FED. R. CIV. P. 41(b).

Ordinarily, dismissal of a complaint under Rule 8 "is . . . reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citations and internal quotation marks omitted).  For example, a complaint which "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977), is subject to dismissal.  And "[d]ismissal is appropriate if a complaint is so confusing that a defendant cannot be expected to frame a response" to it.  *Brown v. Dalton*, No. 96-5285, 1997 WL 362505, at *1 (D.C. Cir. May 5, 1997) (per curiam) (citations omitted).

## II. DISCUSSION

The complaint is presented on a preprinted form with a typewritten statement attached. *See generally* Compl. (ECF No. 1).  Crucial bits of information are missing.  For example, the complaint neither states a basis for the Court's jurisdiction, *see id*. at 3 (page numbers designated by CM/ECF), nor demands relief, *see id*. at 5.

Plaintiff represents that his typewritten statement is "based on [his] notes and recollection," *id*. at 7, and purports to describe events from June 2020, when M.C. Dean, Inc. hired him as a permanent employee, *see id*., through his termination in or about April 2023, *see*

*id*. at 8. Defendant's description of the statement as "a stream-of-consciousness narrative of [plaintiff's] thoughts [with] vague references to his subjective beliefs about purported differential treatment based on his race," Def.'s Mem. (ECF No. 7-1) at 3, is accurate. That said, there are three reasons to construe the complaint as one alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff identifies himself as Black, *see* Compl. at 6, selected a preprinted form complaint titled "Complaint for Employment Discrimination," and alleges receipt of a Notice of Right to Sue letter from the Equal Employment Opportunity Commission, *see id*. at 4. Here begins and ends the statement's clarity.

For example, plaintiff alleges "[h]arassment," *id*. at 7, and having made "complaints about disparagement," *id*. at 7, without factual allegations describing what, exactly, plaintiff means by harassment and disparagement. It is not clear whether plaintiff intends to bring another claim under Title VII, such as hostile work environment. Mentioned is the Family Medical Leave Act, *see id*. at 8, yet it is not clear that plaintiff ever took FMLA leave or intends to raise a claim under FMLA. As drafted, the complaint does not give defendant fair notice of the claims against it, and is so poorly organized, that defendant reasonably cannot be expected to prepare a proper response to it.

In this circumstance, because plaintiff is proceeding *pro se*, the Court ordinarily would direct plaintiff to file an amended complaint. The Court declines to do so because, it appears, plaintiff no longer intends to pursue this matter. His last filing with the Court was his motion for an extension of time on June 30, 2025, and even though the Court granted the extension, plaintiff still has not filed a response.

## III. CONCLUSION

The Court concludes that the complaint fails to meet the minimum pleading standard set forth in Rule 8(a) and, therefore, grants defendant's motion to dismiss. An Order is issued separately.


DATE: October 22, 2025         /s/
                               RUDOLPH CONTRERAS
                               United States District Judge